IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN GLEN TURNER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0709-D |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. BACKGROUND

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

*B. Parties*

Petitioner Kevin Glen Turner, TDCJ-CID #774232, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

*C. Factual and Procedural History*

On December 12, 1996, a jury in the 265th Judicial District Court of Dallas County, Texas, found Turner guilty of burglary of a habitation with the intent to commit sexual assault; the trial

court assessed a life sentence. (1State Habeas R. at 77.)[1]  Subsequently, on August 20, 1998, the Fifth District Court of Appeals affirmed the trial court's judgment, and on January 27, 1999, the Texas Court of Criminal Appeals refused Turner's petition for discretionary review. *Turner v. Texas*, No. 05-96-01995-CR, slip op. (Tex. App.–Dallas) (not designated for publication); *Turner v. Texas*, PDR No. 1876-98.  Turner did not seek writ of certiorari.  (Petition at 3.)  Thus, his conviction became final 90 days later on April 27, 1999. *See* SUP. CT. R. 13.1.

On November 13, 2002, Turner filed a motion for forensic DNA testing in the state trial court.  (Resp't Answer, Exh. A.)  After a hearing by affidavit, the trial court entered findings and an order denying the motion on April 17, 2003.  (*Id.*, Exh. B.)  Apparently, the trial court did not provide timely notice to Turner or his appointed DNA counsel of its denial, and the time lapsed to file a timely notice of appeal under article 64.05 of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon 2006).  (2State Habeas R. at 38-19.)  On October 28, 2004, Turner filed a state habeas application claiming, as he does now, that he was denied his right to appeal the denial of his motion for DNA testing.  Although the state habeas court recommended granting habeas relief and allowing Turner to file an out-of-time appeal, the Texas Court of Criminal Appeals dismissed Turner's application on March 1, 2006, without written order. *Ex parte Turner*, WR-44,237-02, at cover.  Turner filed this federal petition on April 6, 2006.

*D. Issues*

In one ground, Turner claims counsel's failure to inform him of the trial court's denial of his motion for DNA testing in a timely manner denied him "equal protection under" article 64.05 to the right to appeal the trial court findings and denial of his DNA motion.  (Petition at 7.)

---

[1] "1State Habeas R." refers to the state court record of Turner's state habeas Application No. WR-44, 237-01; "2State Habeas R." refers to the state court record of his state habeas Application No. WR-44,237-02.

*E. Rule 5 Statement*

Quarterman asserts that Turner's claim fails to state a basis for federal habeas relief, is unexhausted and procedurally barred, and/or is time-barred. (Resp't Answer at 2-3.)

## II. ANALYSIS

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

Turner argues that his counsel's ineffectiveness denied him equal protection of the law under article 64.05 to his right to appeal the state trial court's findings and the denial of his DNA motion in the state postconviction DNA proceedings. Turner fails, however, to cite to authority supporting his proposition that the state courts' administration of the postconviction DNA proceedings or his right to competent counsel in those proceedings, arising solely under Texas law, violates clearly established Supreme Court law. Further, his argument fails to raise a cognizable habeas issue. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). Habeas relief under § 2254 is only available if a petitioner shows that he is in custody in violation of the Constitution or laws or treaties of the

3

United States. 28 U.S.C. § 2254(a). State postconviction review is, by its basic nature, collateral to the proceedings resulting in a prisoner's custody. Turner's challenge to the administration of the state DNA proceedings and the competency of his counsel does not contest the validity of his confinement. His argument does not call into question the constitutionality of his conviction or sentence. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'") (1996); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief"). A federal court "must find constitutional error at the trial or direct review level in order to issue the writ." *See In re Goff*, 250 F.3d 273, 275 (5th Cir. 2000); *Morris*, 186 F.3d at 585 n.6. Turner's allegations involving the state courts' administration of the postconviction DNA proceedings and the competency of counsel in those proceedings do not afford him federal habeas relief.

### III.  RECOMMENDATION

For the foregoing reasons, Turner's petition should be **DENIED**.

SIGNED on this 4th day of June, 2008.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE